Filed 5/21/14  P. v. Johnson CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

LESLIE EUGENE JOHNSON,

    Defendant and Appellant.

E059555

(Super.Ct.No. FSB024690)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Arielle Bases, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Leslie Eugene Johnson appeals after the trial court denied his petition for resentencing under Penal Code section 1170.126, known as the Three

1

Strikes Reform Act of 2012 (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012)).[1]  Defendant filed notice of appeal on August 30, 2013.[2]  We affirm.

<u>PROCEDURAL BACKGROUND</u>

A jury convicted defendant of one count of unlawful driving or taking of a vehicle. (Veh. Code, § 10851, subd. (a).)  Following a bifurcated trial on defendant's priors, the trial court found that he had two prior strike convictions.  (Pen. Code, §§ 1170.12, subds. (a)-(d) & 667, subds. (b)-(i).)  Both violations occurred when defendant was a juvenile.  On May 9, 2000, the court denied defendant's motion to dismiss one or more of his prior strike convictions pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).  It then sentenced him to state prison for 25 years to life.

---

[1]  All further statutory references will be to the Penal Code, unless otherwise noted.

[2]  We note that the appealability of the denial of a section 1170.126 petition is currently being considered by the Supreme Court.  (See, e.g., *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708 [court held it was not appealable]; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017 [court held it was appealable].)  Even if we were to conclude it was a nonappealable order, we could, in the interest of judicial economy and because of uncertainty in the law, treat defendant's appeal as a petition for writ of habeas corpus or petition for writ of mandate.  (See *People v. Segura* (2008) 44 Cal.4th 921, 928, fn. 4 [treating appeal from nonappealable order as petition for writ of habeas corpus]; *Drum v. Superior Court* (2006) 139 Cal.App.4th 845, 852-853 [Fourth Dist., Div. Two] [treating appeal as petition for writ of mandate due to uncertainty in the law].)  In any event, we will review defendant's appeal.

On May 8, 2013, defendant filed a petition for resentencing under section 1170.126. The court denied the petition since one of defendant's prior strike convictions was for kidnapping (§ 209), which made him ineligible for resentencing. (§ 1170.126, subd. (e)(3).)

## ANALYSIS

After the notice of appeal was filed, this court appointed counsel to represent defendant. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a statement of the case, a brief statement of the facts, and identifying three potential arguable issues: 1) whether the record contains sufficient evidence to prove that defendant had a disqualifying prior conviction; 2) whether the court retained discretion to strike defendant's prior juvenile adjudication; and 3) whether the United States Constitution allows the use of a prior juvenile adjudication to increase the maximum sentence in a three strikes case, when there is no right to a jury trial in juvenile proceedings.

Defendant was offered an opportunity to file a personal supplemental brief, which he has not done. Under *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

McKINSTER
J.

KING
J.

4